UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH S. SELIGMAN,<br>               Plaintiff | )<br>)<br>) |
| v. | )   Civil No. |
| | )<br>) |
| LTD FINANCIAL SERVICES L.P.,<br>               Defendant | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b). In this action, plaintiff seeks damages due to a series of harassing and deceptive telephone calls made by defendant in the course of attempting to collect an alleged consumer debt.

**Parties**

1. Plaintiff Judith S. Seligman is an individual who at all relevant times has resided in Framingham, Middlesex County, Massachusetts.

2.  Defendant LTD Financial Services, L.P. is, on information and belief, a duly organized and existing business corporation having a principal place of business in Houston, Texas, and engaged in business in the Commonwealth of Massachusetts.

3.  Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

### Jurisdiction and Venue

4.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### COUNT I

6.  The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

7.  On or about December 1, 2008, defendant began contacting plaintiff with respect to an alleged consumer debt. In the first 3 days of December, defendant made a minimum of 5 calls to plaintiff's cell phone, at least 3 calls to her office. and one to her home. The frequency of these calls constituted harassment in violation of 15 U.S.C. §1692d(5).

8.  As a result of defendant's unlawful conduct, plaintiff suffered emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

> WHEREFORE, plaintiff prays for a judgment of actual damages, statutory damages, plus interest, costs, and reasonable attorney's fees.

### COUNT II

9.  The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

10.  In none of the above telephone calls did defendant's representative provide her name, and in only some did she identify defendant, thus violating 15 U.S.C. §1692d(6).

>WHEREFORE, plaintiff prays for a judgment of statutory damages, plus interest, costs, and reasonable attorney's fees.

## COUNT III

11. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

12. In the first telephone call to plaintiff defendant's representative failed to indicate that she was attempting to collect a debt and that information obtained would be used for that purpose.

13. In subsequent telephone calls defendant's representative failed to indicate that she or defendant were debt collectors.

14. Defendant's conduct violated 15 U.S.C. §1692e(11).

>WHEREFORE, plaintiff prays for a judgment of statutory damages, plus interest, costs, and reasonable attorney's fees.

## COUNT IV

15. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

16. Plaintiff did not understand why the account in question was in collections, so she asked defendant's representative for more information. Defendant's representative stated she did not have any account information whatsoever, further stating she could only provide the total balance and that "most" of the balance was comprised of $35 late charges. This statement was false, misleading and deceptive in violation of 15 U.S.C. §1692e.

>WHEREFORE, plaintiff prays for a judgment of statutory damages, plus interest, costs, and reasonable attorney's fees.

**COUNT V**

17. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

18. In attempting to convince plaintiff to pay the alleged debt, defendant's representative told plaintiff that there would be an additional $35 late charge for each day that the account remained unpaid. This statement was false, deceptive and misleading in violation of 15 U.S.C. §1692e, caused plaintiff to pay the alleged debt prior to conducting a further investigation, and caused her emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

> WHEREFORE, plaintiff prays for a judgment of actual damages, statutory damages, plus interest, costs, and reasonable attorney's fees.

**COUNT VI**

19. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

20. In attempting to convince plaintiff to pay the alleged debt, defendant's representative stated that if the account were paid immediately plaintiff's credit rating would not be affected. Plaintiff did not know, and defendant's representative did not inform her, that her credit rating would have already been affected if the account were in fact delinquent and had been placed for collection. This conduct was false, deceptive, and misleading in violation of 15 U.S.C. §1692e, caused plaintiff to pay the alleged debt prior to conducting a further investigation, and caused her emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

> WHEREFORE, plaintiff prays for a judgment of actual damages, statutory damages, plus interest, costs, and reasonable attorney's fees.

## COUNT VII

21. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

22. Because plaintiff was intimidated and misled by defendant's conduct, she provided a check number to defendant's representative in order to pay the alleged debt in full. Shortly after making payment, plaintiff called back and asked for some additional information regarding the alleged debt, but defendant's representative refused to speak with her. Plaintiff was transferred to a supervisor, but was put on hold. Defendant's representative then came on the line and said that defendant no longer had any information regarding the account because it had all been returned to the creditor. This statement was false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

>WHEREFORE, plaintiff prays for a judgment of statutory damages, plus interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

>JUDITH S. SELIGMAN
>By her attorney:
>
>*/s/Kenneth D. Quat*
>BBO #408640
>QUAT LAW OFFICES
>678 Massachusetts Avenue, Suite 702
>Cambridge MA 02139
>(617) 492-0522